United States Court of Appeals,

Fifth Circuit.

No. 95-20308.

AETNA CASUALTY & SURETY CO., Ety Co., American Nuclear, Insurers, Plaintiffs-Counter Defendants-Appellees

v.

ISO-TEX, INC., Defendant-Counter Claimant-Appellant,

and

DILLON INSURANCE, Management, Inc., Intervenor Defendant-Counter Plaintiff.

Feb. 21, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before HIGGINBOTHAM and DUHÉ, Circuit Judges, and SCHWARZER, District Judge.[1]

SCHWARZER, District Judge:

Aetna Casualty & Surety Company ("Aetna") brought this action for itself and other members of American Nuclear Insurers ("ANI") for a declaration of noncoverage under a policy issued to Iso-Tex, Inc. ("Iso-Tex"). The district court granted the declaratory relief sought and, no appeal having been taken from that decision, the declaratory judgment is final. Iso-Tex also filed a counterclaim against Aetna, asserting various state law claims arising out of the issuance of the policy. The district court granted summary judgment for Aetna and that judgment is on appeal before us. Because the district court's judgment disposed of all claims in the litigation, we have jurisdiction of the appeal under 28 U.S.C. § 1291.

SUBJECT MATTER JURISDICTION

At the threshold we must address the question whether the district court had subject matter jurisdiction. The failure of the parties to urge objections to diversity of citizenship does not relieve the appellate court of the duty to ascertain whether the lower court could properly take jurisdiction. *See Ziegler v. Champion Mortgage Co.,* 913 F.2d 228, 229 (5th Cir.1990). Iso-Tex is a Texas

[1]District Judge for the Northern District of California, sitting by designation.

corporation with its principal place of business in Texas. Aetna is a Connecticut corporation with its principal place of business in Connecticut. The complaint alleges that Aetna is a subscriber on the risk of the policy at issue. Thus, for purposes of diversity jurisdiction, Aetna is a "real and substantial part[y] to the controversy," and jurisdiction exists over that controversy. *See Navarro Savings Assn. v. Lee,* 446 U.S. 458, 460, 100 S.Ct. 1779, 1781, 64 L.Ed.2d 425 (1980)[2].

Diversity would be destroyed, however, if ANI were named as a party. As an unincorporated association, at least one of whose members is a Texas corporation with its principal place of business in Texas, ANI is treated as a citizen of Texas. *Carden v. Arkoma Assoc.,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). But since the action was brought by Aetna "as a member of [ANI] ... for itself and all other members of such association" ANI is not a party nor are its members. With respect to the members, Aetna appears in a representative capacity. Fed.R.Civ.P. 23.2 permits "[a]n action [to be] brought by ... members of an unincorporated association as a class by naming certain members as representative parties...." Fed.R.Civ.P. 23.2. In the posture of the pleadings, the position of the members of ANI for jurisdictional purposes is analogous to that of unnamed class members: their citizenship is disregarded. *Supreme Tribe of Ben-Hur v. Cauble,* 255 U.S. 356, 364-66, 41 S.Ct. 338, 341-42, 65 L.Ed. 673 (1921); *Calagaz v. Calhoon,* 309 F.2d 248 (5th Cir.1962).[3]

FACTS

Iso-Tex is engaged in handling, transporting, storing and disposing of biomedical nuclear waste from clinics, hospitals and universities. Its business does not ordinarily involve waste from nuclear reactors. Iso-Tex purchased from ANI a "Nuclear Energy Liability Insurance—Supplier's and Transporter's Policy." Coverage under this type of policy is limited to the nuclear fuel cycle: the enrichment of uranium, nuclear fuel fabrication, generation of nuclear energy, reprocessing of spent

---

[2]"There is a "rough symmetry' between the "real party in interest' standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy. But the two rules serve different purposes and need not produce identical outcomes in all cases." *Id.* at 463 n. 9, 100 S.Ct. at 1783 n. 9.

[3]By stipulation of the parties, the district court dismissed without prejudice Aetna's motion to certify a class, pending the appeal. In the absence of a ruling on certification, our examination of jurisdiction rests on the allegations of the pleadings. *See In Re Abbott Laboratories,* 51 F.3d 524, 525 n. 1 (5th Cir.1995), *reh'g en banc denied,* 65 F.3d 33 (5th Cir.1995).

fuel, and disposal of waste from the nuclear fuel cycle. To that end, the policy provides that ANI would pay

A. all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage caused by the nuclear energy hazard, and the companies shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the term of this policy:

The policy does not apply

(h) to bodily injury or property damage arising out of

.   .   .   .   .

(6) any radioactive isotope while away from any nuclear facility....

Further, the policy applies only to "waste material ... resulting from the operation ... of any nuclear facility...."

The genesis of this litigation stems from claims for personal injuries against Iso-Tex allegedly caused by exposure to radioactive materials stored on property owned by Iso-Tex. These claims led to *Vitale v. Iso-Tex, Inc.,* No. 90C1901 (Tex.Dist.Ct., Brazoria Cty.) (1990), in which a $7,000,000 default judgment was entered against Iso-Tex. ANI denied coverage and this dispute followed. In granting summary judgment, the district court held that the policy does not provide coverage for the *Vitale* lawsuit, and that ruling is not being appealed. Iso-Tex contends, however, that under state law Aetna is estopped from denying coverage by reason of bad faith and misrepresentations.

In granting summary judgment for Aetna on Iso-Tex's state law claims, the district court first rejected its argument that because the ANI policy did not cover the *Vitale* law suit, it had been sold a worthless policy. The court distinguished *Celestino v. Mid-American Indem. Ins. Co.,* 883 S.W.2d 310 (Tex.App.—Corpus Christi 1994, writ denied) on the ground that the policy issued there could under Texas law never provide coverage for any risk. The ANI policy, in contrast, at least provided Iso-Tex with a defense against claims alleging injuries caused by a nuclear energy hazard. ANI has no responsibility for Iso-Tex's purchase of a policy that it might not need. The court further held that Iso-Tex had offered no evidence of misrepresentation by Aetna or ANI. "Issuance of a policy did not constitute a representation of anything other than the fact that a nuclear liability policy was in effect." *Aetna Casualty & Surety Company v. Iso-Tex, Inc.,* Civ. No. H-91-3157 at 16 (D.Tex., Filed Apr.

12, 1995).  Having found no genuine issue of material fact, the court held Aetna entitled to judgment as a matter of law.

Our review of the summary judgment is de novo.  *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994).  We find no error in the district court's ruling and AFFIRM.