IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31220
Summary Calendar
_____


LIFE INVESTORS INSURANCE COMPANY OF AMERICA,

                                        Plaintiff-Appellee,

versus

BARBARA F. MURPHY, Individually and as Administratrix on
behalf of Faydria Larae Murphy Estate; MICHELE L. CATO,
LATONYA CATO,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-2280)
_____

April 30, 1996

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM[*]:

    Defendants-Appellants appeal the district court's grant of
Plaintiff-Appellee Life Investors Insurance Company of America's
("Life Investors") motion for summary judgment and denial of
Defendants-Appellants' summary judgment motion. Finding no
ambiguity in the termination and notice provisions of the
Certificate of Group Life Insurance and that Life Investors was not
at fault in the failure to notify, we affirm.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

I.

In 1987, Defendant-Appellant Barbara Murphy ("Mrs. Murphy") was solicited by her credit card company, American Express ("AMEX"), to purchase life insurance for herself and her family. Mrs. Murphy and her husband, Alford Ray Murphy ("Mr. Murphy"), sent in an application on April 5, 1987 and later received a Certificate of Group Life Insurance ("Certificate") from AMEX insuring Mr. Murphy for $50,000.[1]  The Murphys agreed to and authorized quarterly billing and payment for the life insurance on Mrs. Murphy's AMEX credit card.

The Murphys divorced on January 11, 1989.  However, they agreed to continue the life insurance for their children's benefit, and Mrs. Murphy continued to pay the premiums after the divorce. Life Investors purchased the group policy from AMEX in February 1993.

Mr. Murphy died on June 10, 1994.  When Mrs. Murphy attempted to collect the death benefits, Life Investors refused to pay because Mr. Murphy, as an ex-spouse, was no longer covered.[2]

---

[1]  The Murphys never received a copy of the actual insurance policy.

[2]  The provision of the Certificate of Group Insurance excluding Mr. Murphy states:

> The insurance of you and your Dependents, if any, who are Covered Persons under the Policy will terminate on the first to occur of the dates listed below:
> . . . .
>
> 4. for your spouse only:
>     (C) the premium due date which next follows the first to occur of:  (1) the date you die; or (2) the date your spouse ceases to be married to you.

2

The Murphys' Certificate did contain a provision by which a former spouse could continue coverage.[3]  However, the Murphys never applied for the continuation of coverage for Mr. Murphy, and never notified AMEX or Life Investors that their marriage had terminated.

Life Investors filed suit for a declaratory judgment to ratify its determination to deny coverage on Mrs. Murphy's Certificate. Both sides to the litigation filed motions for summary judgment. On October 26, 1995, the district court entered a memorandum ruling granting summary judgment in favor of Life Investors, finding that Mr. Murphy was not a "Covered Person" under the terms of the Certificate at the time of his death, so that death benefits were not owed by Life Investors.  Judgment was entered in favor of Life Investors that same day.

## II.

We review the district court's summary judgment *de novo*. *Aetna Casualty & Surety Co. v. Iso-Tex, Inc.*, 75 F.3d 216, 219 (5th Cir.

---

[3]  The relevant provision states as follows:

**Continuation of Insurance for Dependents:**  If the Insurance of a Covered Person who is a Dependent of yours would terminate:
. . . .

2. if the Dependent is your former spouse; due to such person no longer being married to you;
. . . .

then such person may continue his or her insurance under the Policy.  The continuation will not be automatic and will only occur if, within 31 days of the date such person's insurance would otherwise terminate, we receive both:  (1) a written application to continue that person's insurance under the Policy; and (2) the required premium.

1996).  Defendants-Appellants contend that continuation of coverage provision of the Certificate, while clearly requiring notice, is ambiguous because it does not provide instructions on how or where to give notice of the divorce in order to continue coverage for the divorced spouse.  Such ambiguity, they argue, must be construed in favor of the insureds.  *Borden v. Howard Trucking Co., Inc.*, 454 So.2d 1081, 1089 (La. 1983).  In the alternative, Defendants-Appellants argue that because the continuation of coverage provision of the Certificate either intentionally or negligently fails to provide notice instructions or advice, Article 1772 of the Louisiana Civil Code applies[4], so that the notice requirement is deemed fulfilled and Life Investors must pay the death benefit for Mr. Murphy.

Our review of the Certificate reveals no ambiguity in the notice requirements of the continuation of coverage provision.  As Defendants-Appellants concede, the provision in question clearly states that notice by written application must be given within thirty-one days after divorce in order to continue coverage of the ex-spouse.  The "Additional Provisions" section of the Certificate contains a "Notice of Claim" provision which provides the Home Office address in California for notice to be given by or on behalf of the claimant.  Thus, we find that the unambiguous language of

---

[4]  Article 1772 provides:

A condition is regarded as fulfilled when it is not fulfilled because of the fault of a party with an interest contrary to the fulfillment.

LA. CIV. CODE ANN. art. 1772.

4

the Certificate provisions provided the Murphys with sufficient information to notify the insurer of their intent to continue coverage after their divorce.

In addition, Article 1772 does not apply in this case. The Murphys' failure to notify the insurer after their divorce is not due to any fault of the insurer, but rather, the Murphys' failure to read the Certificate. The Murphys concede that they were not aware of the notice requirement, and thus never attempted to give notice to AMEX or Life Investors after they divorced. Therefore, we find that the district court properly found that Life Investors did not do anything to prevent the Murphys from following the notice requirement in the continuation of coverage provision of the Certificate.

III.

For the reasons articulated above, the judgment of the district court is AFFIRMED.