Carla O. CLAYTON

v.

AMERICAN SECURITY INSURANCE
COMPANY

No. CIV.A. 06–625–C.

United States District Court,
M.D. Louisiana.

Dec. 6, 2006.

Rodney Nicholas Erdey, Denham Springs, LA, for Carla O. Clayton.

Donald Stephen Brouillette, Jr., Wells Marble & Hurst, PLLC, Ridgeland, MS, for American Security Insurance Company.

## RULING

TYSON, Chief Judge.

The court, after carefully considering the petition, the record, the law applicable to this action, and the Report and Recommendation of United States Magistrate Judge Stephen C. Riedlinger dated November 8, 2006, to which no objection has been filed, hereby approves the report and recommendation of the magistrate judge and adopts it as the court's opinion herein.

Accordingly, the motion to transfer filed by plaintiff, Carla O. Clayton, will be denied.

## *MAGISTRATE JUDGE'S REPORT*

RIEDLINGER, United States Magistrate Judge.

Before the court is a Motion to Transfer this matter back to state court filed by plaintiff Carla O. Clayton. Record document number 5. The motion is opposed.[1]

Plaintiff filed suit in state court against the defendant American Security Insurance Company, her homeowner's insurer, to recover losses sustained as a result of fire damage to her home. Plaintiff alleged that after a fire occurred on August 7, 2005 she timely reported the loss to the defendant and on August 17 the defendant tendered payment on the claim in the amount of $21,144.26.[2] Plaintiff later obtained an estimate of damages in the amount of $54,412.18 and informed the defendant that the initial payment was inadequate to repair and restore the property. Defendant refused to pay the difference.

Plaintiff claimed that as a result of the defendant's refusal to pay or settle her claim, the insured property has sustained additional structural damage due to vandalism and legal condemnation proceedings brought by the City of Baton Rouge. Plaintiff alleged that the defendant's breach of its insurance contract was arbitrary and capricious, and as a result the plaintiff has sustained additional damages, namely, "severe and permanent bodily injuries involving past, present and future mental distress and anguish, loss of use of her property, inconvenience, embarrassment, and loss of enjoyment of life." Plaintiff sought to recover "all general and specific damages, compensatory or noncompensatory, statutory penalties," available under Louisiana law.[3]

Defendant removed the suit based on diversity jurisdiction, asserting that the types of claims and damages alleged by the plaintiff make it facially apparent that the jurisdictional amount is satisfied in this case.[4] However, in the motion to transfer the plaintiff argued that the required jurisdictional amount is not facially apparent from the state court petition. Plaintiff emphasized that the difference between the defendant's tender and the estimated damages is only $33,267.92. She also noted that her state court petition does not

---

1. Record document number 11.

2. Petition for Breach of Contract and Damages (hereafter Petition), ¶ III–V.

3. *Id.,* ¶ VI–X.

4. The parties are completely diverse. Plaintiff is domiciled in Louisiana, and defendant American Security is incorporated in Delaware with its principal place of business in Georgia.

contain a request for jury trial, which indicates that the claimed damages are less than $50,000. Plaintiff also relied on her affidavit stating her belief that her recoverable damages would not exceed $75,000 exclusive of interest and costs.

### Applicable Law

█ It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied,* 70 F.3d 26 (5th Cir.1995). Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[5] the Fifth Circuit has established a framework for resolving disputes over the amount in controversy, for actions removed based on diversity jurisdiction from Louisiana state courts. *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 882–83 (5th Cir.2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or (2) by setting forth facts—preferably in the removal petition, but sometimes by affidavit—that support a finding that the amount in controversy is adequate. *Id.; Grant v. Chevron Phillips Chemical Co. L.P.,* 309 F.3d 864, 868 (5th Cir.2002); *Felton v. Greyhound Lines, Inc.,* 324 F.3d 771, 773–74 (5th Cir.2003).

█ Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal.

*Gebbia,* 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.; Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied,* 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant,* 309 F.3d at 869; *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

### Analysis

█ Defendant relied on the facially apparent method of establishing that the jurisdictional amount is satisfied. A review of the plaintiff's petition shows that the jurisdictional amount is met, and the plaintiff's affidavit and contrary arguments fail to demonstrate to a legal certainty that the amount in controversy does not exceed $75,000.

Plaintiff's allegations of breach of the insurance contract, claims for general, specific and compensatory damages, and stat-

---

5. At the time the plaintiff filed her state court petition, La.Code Civ. P. art. 893(A)(1) stated, in relevant part, "that if a specific amount of damages is necessary to establish . . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allega-

tion that the claim exceeds or is less than the requisite amount is required." Plaintiff's state court petition did not allege that the amount of damages she sought was less than that needed to support jurisdiction under § 1332.

utory penalties clearly raise claims under LSA–R.S. 22:658B(1) and LSA–R.S. 22:1220C.[6] Although the difference between the estimate the plaintiff received after the fire and the amount tendered by the defendant was only approximately $33,000, the facts alleged by the plaintiff show that the plaintiff is claiming that the defendant's breach of the insurance agreement ultimately led to the loss of her property through vandalism and legal condemnation.[7] The Louisiana penalty statute LSA–R.S. 22:1220C would allow the plaintiff to recover penalties against the defendant "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." If the difference of $33,000 is used to estimate the damages sustained by the plaintiff because the defendant's breach of contract is added to penalties totaling twice this amount, with the addition of mandatory attorney's fees under LSA–R.S. 22:658B(1) and other general damages alleged, the amount in controversy will easily surpass the $75,000 needed to establish diversity jurisdiction.

The fact that the plaintiff did not make the jurisdictional allegation required by La.Code Civ.P. art. 893(A)(1) supports the conclusion that the jurisdictional amount is satisfied. Plaintiff's post-removal affidavit is not a binding stipulation, and too vague to defeat the defendant's showing that jurisdiction is apparent on the face of the petition. Similarly, the fact that the plaintiff did not request a jury trial, at best indicates the possibility that the plaintiff's claims are worth $50,000 or less,[8] and is insufficient to establish to a legal certainty that at the time of removal the amount in controversy did not exceed $75,000 exclusive of interest and costs.

### Recommendation

It is the recommendation of the magistrate judge that the Motion to Transfer filed by plaintiff Carla O. Clayton be denied.

---

6. *See, Louque v. Allstate Ins. Co.,* 314 F.3d 776, 780–81 (5th Cir.2002).

7. Petition, ¶ VII–IX.

8. Under state law a jury trial is not available where the amount of no individual's cause of action exceeds $50,000.00 exclusive of interest and costs. La.Code Civ.P. art. 1732(A)(1).