SAVOY, Judge.
In his original suit, plaintiff, a physician, filed to recover for medical services performed and for drugs furnished to Allen West, against defendant as compensation *657 carrier for West. Defendant failed to file an answer, and judgment was rendered in favor of plaintiff and against defendant. Defendant appealed. On appeal this Court found that the judgment was not supported by sufficient evidence. We reversed and dismissed the case without prejudice. Aswell v. United States Fidelity and Guaranty Company, 244 So.2d 243 (La.App. 3 Cir. 1971).
Plaintiff then filed the instant suit and reiterated the allegations contained in his original petition. In addition, he prayed for penalties and attorney’s fees. Defendant filed a general denial. The trial court granted plaintiff judgment as prayed for in his petition. Defendant has appealed.
Counsel for plaintiff filed a motion to dismiss the appeal because the amount of the judgment was less than $100.00, and the appeal should have been to the district court, citing LSA-C.C.P. Article 4899. We are of the opinion that the amount involved in the suit governs where the case should be appealed. LSA-C.C.P. Article 4891. Since the demand is for $115.00, we have jurisdiction to hear the matter. The motion is accordingly denied.
The trial court imposed penalties and attorney’s fees under LSA-R.S. 22:658, concluding that the statute gives plaintiff the right to assert a penalty claim. The trial court interpreted the statute as “giving any party in interest” the right to assert a penalty claim.
The sole issue before this Court is whether plaintiff is entitled to penalties and attorney’s fees under LSA-R.S. 22:658. He is not, and we reverse that portion of the judgment.
As originally enacted, LSA-R.S. 22:658 read as follows:
“All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 above shall pay the amount of any claim due any insured within sixty days after receipt of satisfactory proofs of loss from the insured or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, together with all reasonable attorney’s fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney’s fees for the prosecution and collection of such amount. * * * .” (Emphasis added.) (La. Act No. 195 of 1948.)
That recovery under this statute was exclusively related to a plaintiff’s status as an insured is evidenced by the case of Wright v. National Surety Corporation, 52 So.2d 597 (La.App. 1 Cir. 1951). In the Wright case, supra, the Court of Appeal, on rehearing, denied recovery under the statute to a plaintiff workman suing his employer’s compensation insurer. This conclusion revolved around the following determination:
“At the outset it will be noted that this statute is penal in nature and as such requires strict interpretation. We are impressed, first of all, with the language of the statute, which makes the penalties, payable to the insured. We seriously doubt that an employee coming within the terms of the Workmen’s Compensation Statute is an insured within the meaning of the above quoted section of our Insurance Code.”
The Supreme Court (221 La. 486, 59 So.2d 695 (1952)) reviewed the case and agreed that only an insured could recover under LSA-R.S. 22:658. They further found that compensation insurance was within the ambit of the statute, and that, *658 therefore, the crucial issue was whether a workman could be considered an insured. Of interest presently is the following language :
“On rehearing, the Court of Appeal considered in detail the claim for penalties and attorneys fees and concluded that they were not assessable because, by strict construction of LSA-R.S. 22:658, plaintiff is not to be regarded as the ‘insured’ to whom payment of the insurance is due. This, to our minds, is the only debatable question respecting the claim * * * ”
After examining LSA-R.S. 23:1162, the Supreme Court determined that, “ * * * the employee is constituted, for all intents and purposes, the insured under the policy.”
The above Supreme Court decision was rendered on April 28, 1952, and rehearing was denied on June 2, 1952. Apparently, in an effort to prevent a reconsideration of the status of compensation claimants, the Legislature passed Act No. 417 of 1952 on July 10, 1952. This act amended LSA-R. S. 22:658 to specifically include compensation claimants as members of the class of plaintiffs to whom the statute’s benefits are available. The statute presently exists in the following amended form:
“All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any ,of said employees, together with all reasonable attorney’s fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney’s fees for the prosecution and collection of such amount.” (Emphasis added.)
However, in order for a plaintiff to avail himself of the provisions of this statute, he must still initially show that he is either an insured or an employee under Chapter 10 of Title 23. The case of Michel v. Guillot, 186 So.2d 889 (La.App. 1 Cir. 1966) amply demonstrates the requirement that if a person is not a compensation “employee”, he must prove status as an “insured” to avail himself of the provisions of LSA-R.S. 22:658. In the Michel case, supra, a guest passenger sued the insurer of the automobile in which she was riding and injured. She also prayed for an award of 12% penalties under LSA-R.S. 22:658. In denying this latter claim, the court said:
“ * * * The penalty as provided in said Article is payable to the insured, and Mrs. Michel was not insured by the American Insurance Company. We therefore feel that the Lower Court was incorrect in allowing penalties to Mrs. Michel, * * * .” (Emphasis added.)
Keeping in mind the jurisprudential guideline that LSA-R.S. 22:658 is a penalty statute and therefore subject to strict construction (Blanchard v. Hanover Insurance Company, 250 So.2d 484 (La.App. 1 Cir. 1971)), we find that Dr. Aswell is neither an insured nor an employee, and therefore cannot avail himself of the provisions of LSA-R.S. 22:658.
For the reasons assigned, the judgment of the trial court is reversed insofar as it awards plaintiff penalties and attorney’s fees. In all other respects it is affirmed. Cost of this appeal assessed against appellant.
Reversed in part, affirmed in part.