394 So.2d 638 (1980)
Roy P. DOMANGUE, Jr.
v.
David M. HENRY et al.
No. 13831.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
Rehearing Denied February 11, 1981.
*639 Gordon Hamner, Houma, counsel for plaintiff and appellee.
Lynn Lightfoot, Houma, for defendant and appellee, David M. Henry.
Harry T. Widmann, New Orleans, counsel for defendant and appellant, American Fidelity Fire Ins. Co.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
This case arises from an automobile accident which occurred on January 30, 1977, in the Parish of Terrebonne, Louisiana, when the plaintiff, Roy P. Domangue, Jr., who was proceeding in a northerly direction on Louisiana Highway 659 in his Dodge Van vehicle, was run into by a Mercury automobile driven by David M. Henry, who ran the stop sign controlling the intersection of Louisiana Highway 659 and Louisiana Highway 660.
Domangue brought suit for damages against Henry and his insurer, American Fidelity Fire Insurance Company. In this original action, the plaintiff obtained judgment for $30,234.40, together with interest and costs. The liability of American Fidelity, the defendant driver's insurer, was limited to $10,000.00, its policy limits.
By way of third party demand, Henry sought to recover from American Fidelity the amount of the judgment rendered in excess of the policy limits and the attorney's fees incurred because Henry was required to hire an attorney to defend him against a judgment in excess of the said policy limits.
The trial court found that Henry reported the accident shortly after its occurrence, yet he was not contacted by the insurer at any time, even during the investigation of Domangue's claim. The insurer never informed Henry of any compromise negotiations or offers. The facts indicate that Henry was under the impression that the claim had been settled; therefore, he took no action himself; if he had known that the insurer was unable to settle the claim, he would have offered the sums necessary to settle. That opportunity was not presented to Henry, and the first notice he had that Domangue's claim was not settled was when he was served with the suit papers. As a result of the filing of the suit, it became necessary for Henry to employ his own counsel to represent him and this counsel did represent him throughout all of the proceedings. The insurer never advised Henry that it would provide a defense on his behalf.
The record further reveals that Domangue negotiated settlement with Henry's insurer over a period of some six to eight months. In these negotiations a figure of $5,000.00 for bodily injury was at least tentatively agreed upon, together with about $3,400.00 for repairs to Domangue's vehicle and about $600.00 for depreciation, loss of use and inconvenience. Subsequently, the insurer withdrew the $600 offer and substituted an offer of $75.00 for these particular items of the claim, and made an offer of $100.00 for the deductible. On September 8, 1977, Domangue wrote American Fidelity advising the insurer that settlement must be made as previously agreed. The insurer responded on September 16, 1977, without actually addressing the question of property damage. Then, Domangue returned the $75.00 draft to American Fidelity and filed suit on October 10, 1977.
Based upon these facts, the trial court rendered judgment in favor of Henry against his insurer, American Fidelity Insurance Company, in the amount of $35,-324.40; said amount representing an excess judgment of $23,435.85 and confirming the balance of policy limits available of $6,798.55, and an award of $5,000.00 attorney's fees, with interest and costs. The insurer has appealed. We affirm.
*640 In Roberie v. Southern Farm Bureau Casualty Insurance Company, 250 La. 105, 194 So.2d 713, 716 (1967), the court found that the insurer was in bad faith in not fully informing its insured of compromise negotiations and offers, and held the insurer liable for the judgment in excess of the policy limits. In so holding, the court remarked:
"We agree with the Court of Appeal that there was no bad faith on the part of the Insurance Company in not compromising the claims filed against it in the Pitre case. It acted within the terms of its insurance contract in proceeding to trial, and, under the facts supra, its actions could not be considered arbitrary, i. e., it preferred litigation to compromise. However, the insured, Roberie, was kept in the dark; he was never apprised of the offers of compromise nor warned of his potential liability; he was ignored. He needed information and advice on the point of his potential liability, which he was not given by his representative, his insurer. A conflict of interest arose between the insurer and the insured. The insurer failed to discharge its duty towards its insured, thereby precluding any decisive action on his part. We find that the actions of Southern Farm Bureau Casualty Insurance Company towards Roberie were more than negligent; they were in bad faith and in utter disregard of Roberie's natural desire to protect himself from financial loss."
Louisiana jurisprudence establishes that a duty is placed upon the insurer to consider the interest of the insured as paramount when an offer to settle is made. The insurer has a duty to act in good faith and to deal fairly when handling and settling claims in order to protect the insured from exposure to excess liability. See Holtzclaw v. Falco, Inc., 355 So.2d 1279 (La.1978); Moskau v. Insurance Company of North America, 366 So.2d 1004 (La.App. 1 Cir. 1978); Comment, Duty of Insurer to Settle, 30 La.L.Rev. 622 (1970).
The court in Cousins v. State Farm Mutual Automobile Insurance Co., 294 So.2d 272, 275 (La.App. 1 Cir. 1974), writ refused, 296 So.2d 837 (La.1974), considered the following factors in determining whether the insurer acted in good faith when refusing to settle:
"(1) The probability of the insured's liability; (2) the adequacy of the insurer's investigation of the claim; (3) the extent of damages recoverable in excess of policy coverage; (4) rejection of offers in settlement after trial; (5) the extent of the insured's exposure as compared to that of the insurer, and (6) the nondisclosure of relevant factors by the insured or insurer."
It is clear from the facts of the instant case that the insurer did not act in good faith in refusing to settle with Domangue. The accident was obviously Henry's fault. Although settlement negotiations were about $600.00 apart, American Fidelity made no effort to inform its insured of any negotiations or settlement offers.
Younger v. Lumbermens Mutual Casualty Company, 174 So.2d 672, 675 (La.App. 3 Cir. 1965), writ refused, 247 La. 1086, 176 So.2d 145 (1965), defined the obligation of the insurer toward the insured and, quoting with approval from a treatise, stated:
"`The question is always: "Did the insurer exercise that degree of skill, judgment, and consideration for the welfare of the insured which it, as a skilled professional defender of lawsuits having sole charge of the investigation, settlement, and trial of the suit may have been expected to utilize? " '"
The facts in the instant case reflect that the insurer did not; its conduct can only be described as in bad faith because it falls so far short of the duty of good faith which it owed to Henry. We hold that the insurer's actions were in bad faith where it ignored its insured and never apprised him of the settlement negotiations or compromise offers and never warned him of his potential liability. See Roberie v. Southern Farm Bureau Casualty Insurance Company, supra. This complete failure on the part of the insurer to keep him informed, coupled with the great preponderance of evidence of Henry's fault as causing the accident and *641 the severe injuries sustained by Domangue, convinces us that the insurer did not deal fairly with its insured and was in bad faith. Therefore, the trial judge's award to the insured, reimbursing him for the excess judgment, must be affirmed.
In considering the question of attorney's fees, the trial court observed:
"When American Fidelity Fire Insurance Company failed to settle within policy limits after having been given ample opportunity, David Henry had no other alternative but to engage the services of an attorney to represent his now serious financial interest and probable excess liability. It is recognized that attorney(s) representing David Henry had to appear for two different trials. It is further recognized that trial preparations, research, interviews, and depositions all take considerable time and effort. Pre-trial memorandums, pre-trial and post-trial briefs are time consuming. Appearance at the summary proceedings filed in both the principal and third party demands are [time consuming]."
The trial judge also recognized that the attorneys had already represented Henry over a period of two years and that there was a definite prospect of an appeal. Taking into consideration all of the factors involved, the trial court awarded the sum of $5,000.00 as attorney's fees. The record supports that award.
If the allegations of the petition are sufficient to impose a duty upon the insurer to defend the insured, and the insurer fails or refuses to do so, then its refusal to provide that defense renders it liable for the expenses which the insured is compelled to incur in defending the action, including reasonable attorney's fees. Moskau v. Insurance Company of North America, supra; Clemmons v. Zurich General Accident and Liability Insurance Company, 230 So.2d 887 (La.App. 1 Cir. 1969). An insurer is bound to a competent defense of its insured, and it is liable to the insured for any damages sustained as a result of a breach of that obligation. Cousins v. State Farm Mutual Automobile Insurance Co., supra; Younger v. Lumbermens Mutual Casualty Company, supra.
Moreover, where the insurer has been guilty of bad faith toward its insured, which bad faith culminates in an excess judgment being rendered against the insured, and where the insured has had to employ an attorney to protect his interests and to oppose the bad faith conduct of the insurer, an award of attorney's fees is proper. See Reichert v. Continental Insurance Company, 290 So.2d 730 (La.App. 1 Cir. 1974), writ denied, 294 So.2d 545 (La.1974).
For the foregoing reasons, the judgment appealed is affirmed at appellant's costs.
AFFIRMED.