439 So.2d 531 (1983)
Andrea Clesi FERTITTA and Jack Gathian Fertitta
v.
ALLSTATE INSURANCE COMPANY, et al.
No. 82 CA 1101.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Writ Granted January 16, 1984.
*533 Stephen E. Broyles, Baton Rouge, for plaintiff-appellee Andrea Clesi Fertitta & Jack Gathian Fertitta.
Ben F. Day, Baton Rouge, for third party plaintiff-appellee Paula McCarron.
Ben Lousi Day, Baton Rouge, for third party defendant-appellee State Farm Mut. Auto. Ins. Co.
Donald R. Smith, Baton Rouge, for defendant-appellant Allstate Ins. Co. & Paul McCarron.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Allstate Insurance Company, both defendant and third-party defendant in this proceeding, has appealed the judgment of the trial court finding it solidarily liable with its insured to the extent of its policy limits, and liable to its insured for the excess of the judgment over its policy limits.
The issues on appeal are the bad faith of Allstate in handling the claim and the effect to be given plaintiff's settlement with her uninsured motorist insurer prior to trial.
We amend and affirm.
Plaintiff, a passenger in an automobile driven by her husband, was injured in an accident in which defendant, Paula McCarron, the driver of the other car involved, was found to be at fault. Plaintiff and her husband[1] sued Paula McCarron; Allstate, the insurer of the car McCarron was driving; and State Farm, plaintiff's uninsured motorist carrier. Paula McCarron filed a third party demand against Allstate alleging its actions were arbitrary, capricious and in bad faith in failing to settle the personal injury claim of plaintiff.
Prior to filing the suit, plaintiff offered to settle with Allstate and McCarron for the $10,000.00 liability policy limits. Allstate refused unless State Farm's subrogated medical payment claim in the amount of $2,668.05 was also settled within the policy limits. After negotiations had failed, State Farm waived its right to subrogation on the medical payments claim.
Just prior to trial, plaintiff settled her claim with State Farm for $32,000.00 out of the available $50,000.00 of uninsured motorist coverage. State Farm waived all rights to reimbursement or subrogation.
The trial judge found in favor of plaintiff and against McCarron, awarding $40,000.00 in general damages and $8,701.11 in special damages. Allstate was found to be solidarily liable with McCarron for its $10,000.00 coverage. Paula McCarron was granted a judgment against Allstate for all amounts over its policy limits plus $2500.00 in attorney's fees.
In written reasons, the trial judge ruled the plaintiff's settlement with State Farm should not be considered in formulating the judgment against defendants, since uninsured motorist coverage was not designed to protect the tortfeasor. He reasoned that there was no double recovery since neither McCarron nor Allstate would have further exposure to plaintiff.
Allstate argues that the trial court erred in finding that it acted negligently and in bad faith in handling the claim of its insured.
An insurer must consider the interest of the insured as paramount when an offer to settle is made; the insurer's duty is to act in good faith and to deal fairly when handling and settling claims in order to protect the insured from exposure to excess liability. See Holtzclaw v. Falco, Inc., 355 So.2d 1279 (La.1978). The factors to be considered in determining good faith when refusing to settle are: (1) the probability of the insured's liability; (2) the adequacy of the insurer's investigation of the claim; (3) the extent of damages recoverable in excess of policy coverage; (4) the rejection of offers in settlement after trial; (5) the extent of the insured's exposure as compared to that of the insurer; and (6) the nondisclosure of relevant factors by the insured or insurer. Domangue v. Henry, 394 So.2d 638 *534 (La.App. 1st Cir.1980), writ denied, 399 So.2d 602 (La.1981).
McCarron's liability was at least tacitly acknowledged by Allstate through payment of plaintiff's property damage claim soon after the accident. Allstate first knew of the personal injuries two months after the accident but still claimed it had not adequately investigated them eight months later, even after receiving plaintiff's medical reports. Plaintiff's special damages alone were approximately $8,000.00 and the facts certainly indicated that general damages would be in excess of policy limits.
Allstate never informed McCarron of plaintiff's offer to settle. Allstate's representative stated that she tried to contact McCarron at the address listed on the accident report and also sent one letter to her in care of the car's owner, but without a street or mailing address. McCarron testified that she lived at the same address following the accident for approximately three months. When she moved to another apartment, her phone number remained the same and she was listed in the local telephone directory. McCarron's first correspondence from Allstate was by certified letter sent to her brother's address and notifying her of excess liability under plaintiff's suit. Allstate's attempts to contact McCarron were inadequate.
Allstate argues that it would have settled for the policy limits had State Farm's subrogation claim been resolved, as it wanted to protect its insured from any liability. However, in doing so, Allstate erred in not considering McCarron's potential excess exposure, particularly where there was little dispute over her liability.
Allstate should have made more of an attempt to contact its insured, investigated the claim more thoroughly and considered the extent of McCarron's personal exposure. We agree that Allstate acted in bad faith.
Allstate next argues that the trial court erred in failing to take into account plaintiff's pretrial settlement with her uninsured motorist insurer. We disagree.
Hoefly v. Government Employees Insurance Company, 418 So.2d 575 (La.1982), held that tortfeasors and uninsured motorist carriers are solidary obligors as to the injured party, and that payment by one should exonerate the other from the creditor as to the solidary obligation. The Supreme Court cautioned, however, that although solidarily bound for the creditor's benefit, a tortfeasor and an uninsured motorist carrier might have differing relationships among themselves.
State Farm's obligation as a solidary obligor is conditioned by McCarron's insufficient coverage of liability insurance, the type of damage caused by the tortfeasor and any limits in the insurer's policy that are permitted by law. Hoefly v. Government Employees Insurance Company, supra. The solidary obligation is limited by the tortfeasor's liability insurance coverage and the limits of uninsured motorist coverage.[2] McCarron and State Farm were solidary obligors as to the amount of the judgment above McCarron's liability insurer's obligation and within State Farm's policy limits.
While McCarron was cast for the full amount of the judgment, Allstate's liability was extended to all amounts over its policy limits because of its improper handling of the claim. There is no solidary obligation between Allstate and State Farm since State Farm's obligation does not come into effect until Allstate's obligations have been fulfilled. State Farm may be classified as an "excess insurer" as Allstate argues, but only because of its coverage over *535 and above any liability coverage and not because it is available for the protection of the tortfeasor. Uninsured motorist coverage is designed for the protection of the insured and not for the protection of the uninsured or underinsured motorist. Strauss v. Allstate Insurance Company, 417 So.2d 60 (La.App. 3rd Cir.), writ denied, 420 So.2d 982 (La.1982).
In the absence of a solidary obligation between State Farm and Allstate, we find no reason to credit Allstate with unnecessary payments made by State Farm. In a choice of windfall either to the liability insurer or to the injured party, we choose to elect the latter.
McCarron answered Allstate's appeal requesting an increase in attorney's fees by $5,000.00 for the cost of appeal. The trial court granted Attorney's fees in the amount of $2,500.00. Considering the time and effort expended by insured's counsel, we amend that award to $3,500.00. The judgment is affirmed as amended with costs to be paid by Allstate.
AMENDED AND AFFIRMED.
NOTES
[1] Plaintiff's husband's claim was settled prior to trial.
[2] The portion of State Farm's policy covering the limits of liability for uninsured motorist coverage stated in part:

* * * * * *
(b) Any amount payable under the terms of this Part because of bodily injury sustained in an accident by a person who is an insured under this Part shall be reduced by
(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under Coverage A, and ....