494 So.2d 1243 (1986)
Howard J. ROY d/b/a Cajun Cabs
v.
Albert J. GLAUDE, Jr. and Lloyd's of Louisiana.
No. 85-427.
Court of Appeal of Louisiana, Third Circuit.
September 23, 1986.
*1244 J. Barry Mouton, Lafayette, for plaintiff-appellee.
Caliste Beard, Jr., Lafayette, Thomas Lee, Kenner, for defendants-appellants.
Before GAUDIN, DUFRESNE and CHEHARDY, JJ. Pro Tem.
GAUDIN, Judge Pro Tem.
This litigation is the result of a two-vehicular, intersectional collision that occurred on February 12, 1983 in Lafayette, Louisiana. An automobile driven by Albert J. Glaude, Jr., admittedly intoxicated, ran into the rear end of a taxicab owned by Howard J. Roy, although not being driven by him at the time.
Glaude, through his father, contacted his insurance company, Lloyd's of Louisiana, and advised that he was at fault and that Roy's claim for property and other damages could be settled for $5,000.00, within the policy limits. The matter was not settled, however, and Roy sued on April 2, 1983.
Following a bench trial on June 27, 1984, the trial judge orally rendered judgment in Roy's favor in the amount of $9,473.37. Concerning a third party demand by Glaude against Lloyd's, the trial judge stated:
"... the Court finds that at all times the plaintiff was willing to accept the $5,000.00 in full and complete settlement of all of his claims against not only the insured but the insurer ...
"The actions of the insurer were, in the Court's opinion, arbitrary and unreasonable..."
Accordingly, the trial judge indicated that he would award Glaude $4,473.37 plus a 12 per cent penalty as authorized by LSA-R.S. 22:658 and $1,750.00 in attorney fees. A formal judgment was signed on January 17, 1985, and it did specify that legal interest was due on both the main demand and third party awards from date of judicial demand, until paid. From the bench immediately after the hearing concluded, the trial judge had not mentioned legal interest.
For the following reasons, we affirm the formal judgment signed on January 17, 1985 except for the 12 per cent penalty award under R.S. 22:658.
On appeal, Lloyd's specifies three district court errors:
(1) The trial judge erred in accepting as evidence Roy's documents pertaining to the loss of taxicab business;
(2) There are obvious inconsistencies between the oral judgment rendered on June 27, 1984 and the written judgment signed on January 27, 1985; and
(3) The trial judge mistakenly applied R.S. 22:658.
In response to his insurer's appeal, Glaude asks for a $5,000.00 increase in attorney fees to cover costs of this appeal.
Lloyd's does not contend on appeal that its decision not to settle Roy's claim was not arbitrary. We assume, therefore, that the insurer does not challenge the trial judge's finding in this regard.
The award of $9,473.37 to Roy included $5,564.65 for property damages to his vehicle, $115.50 for a damaged radio, $35.00 for towing and $3,758.22 for loss of taxicab use.
Roy said that the subject taxicab was unavailable from the date of the accident until April 28, 1985. To substantiate a monetary value for this loss, Roy provided the trial judge with a rundown of taxicab *1245 earnings and expenses; and the documents complained of, which were prepared under Roy's direct supervision, were used simply to support very detailed and precise testimony. The trial judge did not abuse his discretion in allowing the documents to become part of the record, although Roy's testimony alone would have been sufficient to justify the $3,758.22 award for loss of the taxicab for approximately two and a half months.
Roy said that, according to his "experience and books," the subject taxicab would have been driven 10,241 miles during the period it was not disabled and that it would have earned $9,686.75. From this gross amount, Roy subtracted $3,390.36 for the driver's wages, $2,057.69 for gasoline and $480.48 for insurance premiums, leaving a net of $3,758.22.
Appellant's second assignment of error relates to differences between the oral and written judgments. When the trial judge orally rendered judgment immediately following the trial, he said:
"... judgment is hereby rendered on the third party demand in favor of the plaintiff and against the third party defendant, Lloyd's of Louisiana, in the sum of $1,750.00, which the Court finds to be reasonable attorney fees in this matter, as well as 12 per cent of $4,473.37, representing the penalty as provided by LRS 22:658, and Lloyd's of Louisiana is cast with all costs of these proceedings on the main demand as well as on the third party demand. Judgment will be signed upon presentation."
The trial judge unquestionably meant that the third party judgment would be for $4,473.37, plus attorney fees, etc., and the written judgment of January 17, 1985 so reflects. The formal judgment also provides for the payment of legal interest. Although the trial judge inadvertently failed to discuss the awards of legal interest on the day of trial, it was correct and proper for legal interest awards to be included in the written judgment.
The discrepancies between the in-court articulated judgment and the formal judgment are of no consequence. The trial judge unambiguously announced his decision from the bench after the hearing, and his irrefutable intent was expressed by and in the January 17, 1985 decree. Appellant was not unfairly or in any manner prejudiced.
Appellant's third specification of error is that R.S. 22:658 is inapplicable. The statute then in effect is as follows:
"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees."
In Aswell v. United States Fidelity and Guaranty Company, 264 So.2d 656 (La.App. 3rd Cir.1972), and in other cases interpreting R.S. 22:658, recovery was limited to the actual insureds and any employee petitioning for workmen's compensation benefits. The 12 per cent penalty, therefore, should not have been imposed as part of the third party judgment.
*1246 Attorney fees, however, are allowable. In Domangue v. Henry, 394 So.2d 638 (La.App. 1st Cir.1980), writs denied at 399 So.2d 602 (La.1981), the Court, at page 641, stated:
"If the allegations of the petition are sufficient to impose a duty upon the insurer to defend the insured, and the insurer fails or refuses to do so, then its refusal to provide that defense renders it liable for the expenses which the insured is compelled to incur in defending the action, including reasonable attorney's fees. Moskau v. Insurance Company of North America, supra [366 So.2d 1004 (La.App. 1 Cir.1978)]; Clemmons v. Zurich General Accident and Liability Insurance Company, 230 So.2d 887 (La.App. 1 Cir.1969). An insurer is bound to a competent defense of its insured, and it is liable to the insured for any damages sustained as a result of a breach of that obligation. Cousins v. State Farm Mutual Automobile Insurance Co., supra [294 So.2d 272]; Younger v. Lumbermens Mutual Casualty Company, supra [174 So.2d 672].
"Moreover, where the insurer has been guilty of bad faith toward its insured, which bad faith culminates in an excess judgment being rendered against the insured, and where the insured has had to employ an attorney to protect his interests and to oppose the bad faith conduct of the insurer, an award of attorney's fees is proper. See Reichert v. Continental Insurance Company, 290 So.2d 730 (La.App. 1 Cir.1974), writ denied, 294 So.2d 545 (La.1974)."
See also Fertitta v. Allstate Insurance Company, 439 So.2d 531 (La.App. 1st Cir. 1983), affirmed by the Supreme Court of Louisiana at 462 So.2d 159 (La.1985).
Finally, we increase the amount of attorney fees to $2,250.00 to include Glaude's expenses in defending in the district court and in answering Lloyd's appeal.
The 15th Judicial District Court judgment of January 17, 1985 is affirmed except:
(1) The 12 per cent penalty award under LSA-R.S. 22:658 is voided and set aside, and
(2) Attorney fees due third party plaintiff Albert J. Glaude, Jr. are increased to $2,250.00.
Judgment is so rendered, with Lloyd's of Louisiana to bear costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART AND RENDERED.