**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-30857**

_____

**ROBIN PASSARO LOUQUE, Individually and on behalf of all others similarly situated,**

**Plaintiff-Appellant,**

**versus**

**ALLSTATE INSURANCE COMPANY,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**

_____

December 13, 2002

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The district court assumed removal jurisdiction and then dismissed the case for failure to state a claim upon which relief can be granted in this putative class action, which challenges Allstate's alleged policy of refusing to settle minor-impact, soft-tissue injury actions against its insureds. The principal issue on appeal is whether the amount-in-controversy requirement for diversity jurisdiction was satisfied by the potential recovery of attorney's fees under Louisiana law pertaining to insurance claims handling. We affirm the district court's conclusion that attorney's fees could be recovered under Louisiana law, and that

such sum would satisfy the amount-in-controversy requirement.  We also affirm the dismissal granted to Allstate on the merits.

## BACKGROUND

Allstate insured Robin Louque, the named class representative, under an automobile policy providing $10,000 in liability coverage. Louque alleges that she was in an automobile accident in which another person was injured, she was sued by the victim, and Allstate refused to settle.  Judgment was entered against Louque and Allstate for $7569, including $5000 in statutory penalties for violations of LA. REV. STAT. ANN. § 22:1220 (requiring an insurer to "make a reasonable effort to settle claims with the insured or the claimant, or both").  Allstate satisfied the judgment, but apparently successfully appealed the penalty award.

Louque contends that Allstate's policy was to refuse to settle minor-impact, soft-tissue injury (MIST) claims where the claimant was represented by an attorney, regardless of a claim's merit.  The resulting delays and judgments adversely affected Allstate policy holders' creditworthiness.  Louque pleads that this practice effected a breach of contract, breach of Allstate's fiduciary obligations under the policies, and violation of LA. REV. STAT. ANN. § 22:1220, the provision at issue in the third-party action.  LA. REV. STAT. ANN. § 22:658, also at issue in this appeal, is not mentioned in Louque's complaint.

2

After Allstate removed this action to federal court based on diversity jurisdiction, it moved to dismiss. Louque sought to remand, asserting that the jurisdictional amount was not satisfied. The district court denied remand and held that this action is governed by § 22:658, a provision whose mandatory award of attorney's fees satisfies the jurisdictional amount. Louque v. Allstate Ins. Co., No. 01-CV-1282, at 3-4 (E.D. La. June 21, 2001) (unpublished). Dismissal was granted for failure to state a claim. Id. at 5-8.

**DISCUSSION**

**A. Removal Jurisdiction**

The parties spar primarily over whether § 22:658 is applicable, and, if not, whether the requisite amount in controversy for diversity jurisdiction (greater than $75,000) is otherwise satisfied. Diversity of citizenship is not at issue. See 28 U.S.C. § 1332.

This court reviews the denial of remand de novo. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002). Louisiana prohibits Louque from stating an ad damnum in her petition. Therefore, Allstate must establish the jurisdictional amount by a preponderance of the evidence. Id. at 723. This is accomplished if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of

3

facts in controversy that support a finding of the requisite amount." Id. The district court held: "Because Louque intends to represent a nationwide class of 'tens of thousands, if not hundreds of thousands of individuals' and seeks both damages and penalties for each class member, the Court finds that Louque's *attorneys' fees* will easily exceed the jurisdictional threshold."

> Along this line, LA. CODE CIV. PROC. provides:
>
> The court may allow the *representative parties* their reasonable expenses of litigation, *including attorney's fees*, when as a result of the *class action* a fund is made available, or a recovery or compromise is had which is beneficial, to the class.

Art. 595 (emphasis added). Citing In re Abbott Laboratories, 51 F.3d 524, 526-27 (5th Cir. 1995), aff'd by an equally divided court, 529 U.S. 333 (2000), the district court held that,

> [u]nder . . . article 595, attorneys' fees in a class action lawsuit are wholly allocable to the named plaintiff; and, when article 595 is coupled with a statutory provision mandating an award of attorneys' fees, federal courts will consider that potential award when determining the amount in controversy.

District Court Opinion at 2. See Manguno, 276 F.3d at 723 ("For purposes of determining the amount in controversy in a Louisiana class action, it has been the belief of some courts that . . . article 595 allocates to the class representative the aggregate attorney's fees sought for the entire class *if a separate statute provides for recovery of attorney's fees as an element of damages*.") (citing Abbott Laboratories, supra) (emphasis added).

4

Recently, our court has clarified that because art. 595 gives a court discretion to award attorney's fees to a class representative as "expenses of litigation," such fees are includable in a jurisdictional amount determination for diversity purposes regardless of the existence of separate statutory authorization of attorneys fees. <u>Grant v. Chevron Phillips Chem. Co.</u>, 2002 U.S. App. LEXIS 21266 (5th Cir. 2002). Unfortunately, this new decision does not assist the resolution of this case, because Allstate did not raise and preserve in the trial court the applicability of art. 595 alone to support an attorney's fee award.[1] We must proceed according to a pre-<u>Grant</u> analysis.

---

[1]To preserve such an issue, the "raising party must present the issue so that it places the opposing party and the court on notice that a new issue is being raised." <u>Portis v. First Nat'l Bank of New Albany, Miss.</u>, 34 F.3d 325, 331 (5th Cir. 1994). Allstate's removal notice stated, in addition to the possibility that Louque's claims seek recovery under § 22:658, that she "seeks to certify a class action under . . . article 591, *et seq.*, which provides for recovery of attorneys' fees by the named representative." The removal notice then string cited to precedent purportedly holding that the "potential award of attorneys' fees allocated to plaintiff pursuant to Article 595 satisfies the amount in controversy requirement." We assume this stated the art. 595 issue. But, in responding to Louque's remand motion, which briefly referenced art. 595, Allstate did not address whether art. 595 alone could support a fee award. Our court has held that, "'for obvious reasons, [we] will not consider evidence or arguments . . . not presented to the district court *for its consideration in ruling on the motion.*'" <u>Ellison v. Software Spectrum, Inc.</u>, 85 F.3d 187, 191 (5th Cir. 1996) (quoting <u>Stults v. Conoco, Inc.</u>, 76 F.3d 651, 657 (5th Cir. 1996)) (emphasis added). As a general rule, a party may not allude to an issue in the district court, abandon it at the crucial time when the district court might have been called to rule upon it, and then resurrect the issue on appeal. <u>See</u>, <u>e.g.</u>, <u>Hargrave v. Fibreboard Corp.</u>, 710 F.2d 1154, 1163-64 (5th Cir. 1983). That Louque herself mentioned the issue,

In district court, Allstate maintained that Louque's claims are governed by the two earlier-described Louisiana statutes: §§ 22:658 and 22:1220. While both provisions have been held to sustain an attorney's fee award, only § 22:658 mandates such relief. Section 22:658(A) provides in pertinent part:

> (1) All insurers . . . shall pay the amount of *any claim due any insured* within thirty days after receipt of *satisfactory proofs of loss* from the insured or any party in interest.
>
> (2) All insurers . . . shall pay the amount of *any third party property damage claim* and of *any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement* of the claim from any third party claimant.

LA. REV. STAT. ANN. § 22:658(A) (emphasis added). Subpart (B)(1) provides:

> Failure to make such *payment* within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in . . . [§] 22:658(A)(1), or within thirty days after written agreement or settlement as provided in . . . [§] 22:658 (A)(2) when such failure is found to be arbitrary, capricious, or without probable cause, *shall* subject the insurer to a penalty, . . . *together with all reasonable attorney fees* for the prosecution and collection of such loss.

LA. REV. STAT. ANN. § 22:658(B)(1) (emphasis added).

---

which Allstate then failed to brief, is insufficient to preserve Allstate's error. See Hargrave.

6

Louque sued under § 22:1220(A), which provides, <u>inter alia</u>:

> An insurer . . . *owes to his insured* a duty of good faith and fair dealing.  The insurer has an affirmative duty to adjust claims fairly and promptly and to make a *reasonable effort to settle claims with the insured or the claimant, or both.*

LA. REV. STAT. ANN. § 22:1220(A) (emphasis added).  Subpart (C) states that,

> [i]n addition to any general or special damages ... for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, *whichever is greater.*

LA. REV. STAT. ANN. § 22:1220(C) (emphasis added).  The award of attorney's fees is not mentioned.

This court, noting the similarity of these provisions, has permitted the same type of recovery under either one, even where one of the provisions was not expressly cited.  <u>In re Hannover Corp. of America</u>, 67 F.3d 70, 75 (5th Cir. 1995).  On the basis of <u>Hannover</u>, Allstate maintained, and the district court held, that, even though Louque did not plead § 22:658, it may nevertheless govern her entitlement to attorney's fees.  <u>See</u> <u>Reed v. Recard</u>, 744 So. 2d 13, 20 (La. Ct. App. 1998), *writ denied*, 738 So. 2d 572 (La. 1999).

7

On its face, § 22:658 does not squarely cover a claim by Louque for Allstate's excessive, injurious delay in litigating and paying off a claim after judgment. The statute penalizes instead arbitrary or capricious failures either to pay (1) a claim due the insured "within thirty days after receipt of satisfactory proofs of loss," or (2) a third-party claim "within thirty days after written agreement of settlement." § 22:658(A)(1) and (2). Nevertheless, Louisiana courts have for two decades allowed an award of attorney's fees in cases where an insurer's bad faith refusal to settle led to an excess judgment. See Smith v. Audubon Ins. Co., 656 So. 2d 11, 17 (La. Ct. App. 1995), *rev'd on other grounds*, 679 So. 2d 372 (La. 1996). Smith cited § 22:658 and relied on earlier decisions. See Maryland Casualty Co. v. Dixie Ins. Co., 622 So. 2d 698 (La. App. 1993), writ denied, 629 So. 2d 1138 (La. 1993); Roy v. Glaude, 494 So. 2d 1243 (La. Ct. App. 1986); Fertitta v. Allstate Ins. Co., 439 So. 2d 531 (La. App. 1983), aff'd on other grounds, 462 So. 2d 159 (La. 1995); Domangue v. Henry, 394 So. 2d 638 (La. App. 1980). This court has previously acknowledged that these cases establish Louisiana law. Parich v. State Farm Mut. Auto. Ins. Co., 919 F.2d 906 (5th Cir. 1990), cert. denied sub nom. Judice v. Parich, 499 U.S. 976 (1991).

When Smith reached the Louisiana Supreme Court, one judge criticized, in dissent, the lower court's handling of attorneys' fees and the caselaw on which the lower court relied. Smith, 679

8

So. 2d at 378-80 (Calogero, J., dissenting).  This is irrelevant. The Louisiana Supreme Court should not have reached this issue, as it decided the case on a dispositive antecedent ground.  Moreover, we can hardly accord a solo dissenting opinion any weight as an expression of Louisiana law.

The concurrence suggests that the applicability of § 22:658 is a novel issue as to which an Erie guess is required of this court.  Under the present circumstances — in which we are determining whether Louque's petition raised claims over $75,000 for the sole purpose of determining her satisfaction of the federal jurisdictional requirement — we find that course unnecessary to pursue.  First, it is plain that Louisiana courts have condoned attorney fee-shifting in certain bad faith insurance claim handling cases for years.  Like the district court, we do not think it inappropriate to consider all possible bases for an attorney's fee award to Louque where she pleaded one statutory ground of recovery: Other grounds are readily available in Louisiana; both this court (Hannover, supra) and Louisiana courts (Reed, supra) have recognized overlap in the grounds for recovery; and Louque, as mistress of her complaint, did not disavow her intention to seek a recovery of fees.

Second, it is not for us to second-guess whether Louisiana courts will ultimately find the Smith-Maryland Casualty-Domangue line of cases congruent with, supplemental to, or contradicted by § 658.  Those cases presently afford a basis for

9

recovery of attorney's fees by an insured, and we are Erie-bound to respect their authority.[2]

Third, when determining the amount in controversy for diversity purposes, a federal court need not pre-try the sufficiency of the plaintiff's complaint. Subject matter jurisdiction is not defeated by the possibility that the complaint ultimately fails to state a claim on which Louque could actually recover attorney's fees. As this court has explained,

> there is no inconsistency in the district court's action of denying remand and then dismissing [plaintiff's] claims. . . . "Jurisdiction . . . is not defeated ... by the possibility that the averments might fail to state a cause of action on which [plaintiff] could actually recover."

Hawkins v. Nat. Ass'n of Sec. Dealers, Inc., 149 F.3d 330, 331 (5th Cir. 1998) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

Thus, the question before us is whether the complaint, fairly read, states a claim exceeding $75,000.[3] A successful

---

[2]In her brief, Louque criticizes the district court's distinguishing, in its merits determination, cases, like those cited above, against an insurer for bad faith refusal to settle. The district court had observed that those cases required an excess judgment against the insured. Louque then says:

> Appellant respectfully suggests that the facts and damages as alleged by the Appellant are res nova and are no different than an excess judgment situation. In fact, Allstate's actions in these instances could be much more damaging than an excess judgment.

Louque cannot rely on these cases for affirmative recovery while disavowing their applicability to the amount in controversy determination.

[3]No pertinent jurisdictional amount facts are in dispute.

10

result for Louque on the merits of her claims that Allstate failed 'to adjust all claims fairly and promptly and to make reasonable efforts to settle' would put her in line to recover class action attorney's fees far exceeding $75,000.  The court accordingly had jurisdiction over her claim and, through its exercise of supplemental jurisdiction, over the claims of the class.  See 28 U.S.C. § 1367; Abbott Laboratories, supra.

**B.   Merits**

Louque's challenge to the dismissal of her case is perfunctory.  In two pages of briefing, she cites — once each — LA. REV. STAT. ANN. §§ 22:658 and 1220, but no caselaw.[4]  She argues, without quoting or citing the insurance contract, that her pleadings reference "a policy provision which has been breached by Allstate."  She asserts as a conclusion that Allstate breached its fiduciary duty to her.  She draws an analogy to the bad-faith refusal-to-settle cases.  See n.2, supra.  Louque's brief, in short, may not even pass muster under the minimum criteria that we require for a reasoned, record-based presentation of a party's position.  5TH CIR. R. 28.2; see also FED. R. APP. P. 28(a)(9)(A); United States v. Martinez, 263 F.3d 436 (5th Cir. 2001).

Louque's arguments are, in any event, fully disposed of by the district court's opinion, which we quote:

---

[4]As Louque did not argue the merits of her claims under §§ 1220 or 658 on appeal, they are waived.  St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 445 (5th Cir. 2000).

11

a. Breach of Contract

To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision. See Bergeron v. Pan Am. Assurance Co., 731 So. 2d 1037, 1045 (La. App. 4th Cir. 1999). In the instant case, although Louque claims that Allstate refused to settle "valid" claims, she fails to cite any policy provision that requires Allstate to settle claims before trial. In fact, the only policy provision Louque cites provides that Allstate has unfettered discretion in deciding whether to settle cases:

> We will defend an insured person sued as the result of a covered auto accident, even if the suit is groundless, false or fraudulent. We will choose the counsel. We may settle any claim if we believe it is proper.

Def.'s Ex. A at 5.

In Employers Surplus Line Ins. Co. v. City of Baton Rouge, 362 So. 2d 561, 564 (La. 1978), the Louisiana Supreme Court construed a similar policy provision. The Employers policy provided that the insurance company was authorized to "make such investigation, negotiation and settlement of any claim or suit it deems expedient." Id. at 565. The Louisiana Supreme Court explained that:

> This provision vests the insurer with absolute authority to settle claims within the limits of the policy with the insured's having no power to compel the insurer to make settlements or prevent it from doing so.

Id. As in Employers Surplus, Allstate is given absolute discretion over whether or not to settle a claim. Because Allstate's policy does not obligate it to settle any claim before trial, the Court finds that Louque fails to state a claim for breach of contract.

b. Breach of Fiduciary Obligation

Louque also alleges that Allstate breached a fiduciary obligation by failing to settle "valid claims" before trial. However, as stated above, Allstate was not contractually bound to settle Louque's claim; and Louisiana law does not recognize an extracontractual obligation where there is no risk of exposing the insured to excess liability. See, e.g., Ragas v. MGA Ins. Co.,

12

1997 WL 79357, at *2 (E.D.La. Feb. 21, 1997) (McNamara, J.) (holding that an insured has no cause of action against its insurer for bad faith refusal to settle in the absence of an adjudicated excess judgment against the insured). In the case at bar, Louque has neither an "adjudicated excess judgment" nor even any claim that Allstate's decision to go to trial exposed her to excess liability. To the contrary, Louque avers that prior to trial the "third party was claiming damages well below the $10,000 policy limits of [Louque's] policy." Compl. at ¶ 5. Because Louque does not allege that Allstate's alleged refusal to settle exposed her to excess liability, the Court finds that she has failed to state a cause of action for breach of fiduciary obligation.

For these reasons, Louque's complaint against Allstate failed to state a claim upon which relief can be granted. FED. R. CIV. PROC. 12(b)(6).

## CONCLUSION

The district court correctly assumed removal jurisdiction and correctly entered judgment dismissing Louque's complaint.

**AFFIRMED.**

13

RHESA HAWKINS BARKSDALE, Circuit Judge, specially concurring:

I concur in the majority's holding: (1) Allstate did not preserve in district court the applicability of article 595 (therefore, our recent *Grant* decision is not applicable); and (2) pursuant to Rule 12(b)(6), Louque failed to state a claim upon which relief can be granted.

I have some misgivings, however, concerning whether the diversity jurisdictional amount is satisfied. Therefore, I concur *dubitante* in holding § 22:658 applicable. (In my view, the applicability *vel non* of § 22:658 in its present form (amended in 1989) has not been decided by Louisiana courts; an *Erie*-analysis is required. In any event, in the light of *Grant*'s holding concerning article 595, it may well be that this § 22:658 issue will seldom, if ever, surface again.)