United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20279
Summary Calendar
_____

LEGION INSURANCE COMPANY,

Plaintiff-Appellee,

versus

MEGA INTERESTS INC., doing business as Jet Wrecker Service,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-3893
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mega Interests Inc., doing business as Jet Wrecker Service, appeals from an order denying its motion to vacate a default judgment pursuant to FED. R. CIV. P. 60(b). Mega Interests, Inc., argues that the district court lacked jurisdiction and that the district court abused its discretion when it denied the motion to vacate.

Diversity jurisdiction pursuant to 28 U.S.C. § 1332 was properly invoked since the parties were diverse and the complaint, fairly read, states a claim exceeding $75,000. See Louque v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Allstate Ins. Co.</u>, 314 F.3d 776 (5th Cir. 2002); <u>see</u> <u>also</u> <u>St. Paul</u> <u>Reinsurance Co., Ltd. v. Greenburg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998).

Additionally, the district court did not abuse its discretion when it denied the motion to vacate. To the extent that the motion raised grounds pursuant to FED. R. CIV. P. 60(b)(4) and 60(b)(6), the motion was to be filed within a reasonable time of the entry of the default judgment. Mega Interests, Inc, has failed to argue and the record does not indicate that the motion was filed within a reasonable time. FED. R. CIV. P. 60(b); <u>See</u> <u>Travelers Ins. Co. v.</u> <u>Liljeberg Enterprises, Inc.</u>, 38 F.3d 1404, 1410 (5th Cir. 1994) (what constitutes a "reasonable time" is fact sensitive and takes into account the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties). Furthermore, the arguments advanced pursuant to FED. R. CIV. P. 60(b)(1) and (3) are without merit because Mega Interests, Inc. has not shown that its neglect was excusable nor has it shown that its default was due to the misconduct of Legion Insurance Company. <u>See</u> <u>Rogers v. Hartford</u> <u>Life and Acc. Ins. Co.</u>, 167 F.3d 933, 939 (5th Cir. 1999).

AFFIRMED.