# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30083
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2017

Lyle W. Cayce
Clerk

KAREN SARAGUSA,

> Plaintiff - Appellant

v.

COUNTRYWIDE HOME LOANS, INCORPORATED; BANK OF AMERICA, N.A.; GREEN TREE HOME LENDING, L.L.C.; SETERUS, INCORPORATED,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2717

Before KING, ELROD, HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Plaintiff-Appellant Karen Saragusa appeals the dismissal of various claims arising out of a home mortgage loan and the denial of her Rule 60(b) motion for relief from judgment. Finding no error, we AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30083

I

Karen Saragusa had a home mortgage loan with Countrywide. According to the complaint, Countrywide modified her loan in 2008 due to her inability to pay. The complaint alleges various delays and errors associated with the modification. After years of back-and-forth communications regarding the modification, she received a loan modification from Bank of America in 2014. After making a few payments, Saragusa informed Bank of America that she would not make any more payments until she spoke with her attorney. With the assistance of counsel, she filed this lawsuit shortly thereafter, asserting claims for fraudulent concealment, misrepresentation, and unfair trade practices against Countrywide and Bank of America.

Several months later, Bank of America transferred Saragusa's unpaid loan amounts to Seterus, Inc. Seterus notified Saragusa that it was her now loan servicer and debt collector. Saragusa then amended her complaint to add Seterus and Green Tree Home Lending, LLC, as defendants. Her amended complaint asserts claims based on the Telephone Consumer Protection Act, Fair Debt Collection Practices Act, Louisiana Consumer Credit Law, conspiracy, the Americans with Disabilities Act, the home Mortgage Disclosure Act, the Community Reinvestment Act, the Equal Credit Opportunity Act, and the Fair Housing Act.

The defendants moved to dismiss all claims, and the district court granted those motions. Saragusa, proceeding *pro se*, then moved for relief from the court's judgment pursuant to Rule 60(b). She argued that newly discovered evidence of fraud—namely, evidence of that the defendants committed other fraudulent acts similar to those alleged in her complaint—required that the district court's order be set aside. The district court denied relief on the grounds that "Saragusa's purportedly new evidence could have been discovered

No. 17-30083

with reasonable diligence, and that the fraud alleged by Saragusa has no bearing on the validity of the Court's previous order."

This appeal followed. Once again with the assistance of counsel, Saragusa challenges the district court's denial of her Rule 60(b) motion and grant of defendants' motions to dismiss.

## II

## A

Saragusa first contends that the district court erred by denying her Rule 60(b) motion for relief from judgment. Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party . . . from a final judgment" due to, among other things, "newly discovered evidence that, with reasonable diligence, could not have been discovered" before or "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2) & (3). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996).

There was no abuse of discretion here. Saragusa did not present any evidence that the defendants obtained a favorable judgment by means of fraud or misrepresentation or otherwise prevented her from "fully and fairly presenting [her] case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (stating that Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." (internal quotation marks omitted)). Nor was the evidence presented "newly discovered evidence" within the meaning of Rule 60(b)(2); there was no indication that the evidence could not have been found earlier with reasonable diligence, nor was the evidence presented "material and controlling" such that it "clearly would have produced a different result if present before the original judgment." *Id.*

3

No. 17-30083

at 639 (internal quotation marks omitted). Finally, no "extraordinary circumstances" warranted relief under the catch-all provision in Rule 60(b)(6).

Saragusa's primary argument on appeal is that the district court failed to give her *pro se* motion the benefit of liberal construction. While "[w]e hold pro se plaintiffs to a more lenient standard than lawyers[,] . . . pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ of Tex. at Austin,* 836 F.3d 467, 469 (5th Cir. 2016). She failed to do that.

B

Saragusa also contends that defendants' motions to dismiss were improperly granted. She argues that, rather than dismissing her claims, she should have been given "one last opportunity to amend her complaint." However, she did not request the opportunity to again amend her complaint below, nor did she indicate what new facts would be added to a second amended complaint. *See Louque v. Allstate Ins. Co.*, 314 F.3d 776, 779 n.1 (5th Cir. 2002) ("As a general rule, a party may not allude to an issue in the district court, abandon it at the crucial time when the district court might have been called to rule upon it, and then resurrect the issue on appeal."); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003) (holding that district court did not abuse discretion in denying motion to amend complaint where "plaintiffs did not attach a proposed amended complaint," leaving district court to "speculate" about how additional facts might amount to a legal claim). Aside from her argument that she should have been given another opportunity to amend, Saragusa has not presented any argument on appeal as to why the district court erred in granting defendants' motions to dismiss. *See Davis v. Davis*, 826 F.3d 258, 266 (5th Cir. 2016) (affirming summary judgment where plaintiff-appellant failed to identify "any legitimate points of error" in the district court's decision).

4

No. 17-30083

For the foregoing reasons, the decision of the district court is AFFIRMED.