# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-30472

———————

Travis Spinosa,

*Plaintiff—Appellant*,

*versus*

Foremost Insurance Company Grand Rapids Michigan,

*Defendant—Appellee*.

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2025

Lyle W. Cayce
Clerk

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-1226

_____

Before Haynes, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Travis Spinosa alleges breach of insurance contract and bad faith under Louisiana law based on Foremost Insurance Company's failure to investigate and pay claims for hurricane damage. Spinosa makes two arguments on appeal—the district court erred by (1) dismissing his claims,[1]

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Spinosa's complaint seeks relief for nineteen properties, eighteen of which are located within the district court's jurisdiction, one of which is not. The district court dismissed claims based on the eighteen properties within the district court's jurisdiction for failure to state a claim, and transferred claims based on the property outside of its

and (2) denying his request to amend. Reviewing the first issue de novo and the second for abuse of discretion, *see Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006), both arguments fail, so we AFFIRM.

The district court did not err in dismissing Spinosa's claims. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Instead of pleading facts, Spinosa makes generic, conclusory allegations that a hurricane damaged his property, and Foremost failed to "thoroughly investigate[]" or "pay the requested amounts." That is not consistent with the requirements of *Twombly*/*Iqbal*. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007); *Iqbal*, 556 U.S. at 678. The complaint fails to allege the nature of the damage, when Spinosa submitted the claims, how much Spinosa requested, whether or when Foremost investigated the claims, how Foremost did "[n]ot act[] reasonable," or how the investigation was "[n]ot thorough[]." *See Moore v. Allstate Tex. Lloyd's*, 742 F. App'x 815, 818 (5th Cir. 2018) (per curiam). Accordingly, the district court did not err in concluding that Spinosa failed to plausibly allege breach of contract or bad faith. *See Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010) ("Breach of contract is a condition precedent to recovery for the breach of the duty of good faith . . . .").[2]

---

jurisdiction for lack of subject matter jurisdiction. The transfer is not the subject of this appeal.

[2] Foremost asserts that Spinosa's complaint should be dismissed because he failed to plead the specific breached provision. Our cases supporting that requirement appear to rely on a state court decision. *E.g.*, *Louque v. Allstate Ins.*, 314 F.3d 776, 782 (5th Cir. 2002) (quoting the district court's conclusion that "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision" and citing *Bergeron v. Pan Am. Assurance Co.*, 98-2421, p. 14 (La. App. 4 Cir. 04/07/99), 731 So. 2d 1037, 1045); *Spears v. La. Coll.*, No. 20-30522, 2023 WL 2810057, at *5 (5th Cir.

No. 24-30472

Nor did the district court abuse its discretion in implicitly denying leave to amend and dismissing the claims with prejudice. After declining to amend his complaint within twenty-one days of receipt of the motion to dismiss, FED. R. CIV. P. 15(a)(1)(B), Spinosa filed his memorandum in opposition 144 days late. During that time, Spinosa did not file a motion for leave to amend. Instead, he asserts that his opposition brief—which did not include a proposed amended complaint—should be construed as requesting amendment. Spinosa did not "set forth with particularity the grounds for the amendment and the relief sought," *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 331 (5th Cir. 2003) (citation omitted); instead, he merely promised to cure any deficiencies. But general curative amendment requests are not enough. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003). The district court thus did not abuse its discretion in its implicit denial of Spinosa's amendment request.

Because the district court did not err in dismissing the complaint, nor did it abuse its discretion in denying leave to amend, we AFFIRM.

_____

Apr. 6, 2023) (per curiam) ("The plaintiff must also 'allege a breach of a specific provision of the contract.'" (citing *Louque*, 314 F.3d at 782)). But, of course, while Louisiana law is in play here, federal law is the key to the pleading standards, and we do not require plaintiffs to plead the specific breached provision. *See Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021) ("While litigants should, when possible, identify specific contractual provisions alleged to have been breached, Rule 8 does not require that level of granularity."); *Innova Hosp. San Antonio, Ltd. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 731–32 (5th Cir. 2018) (rejecting the notion that "to properly plead a breach of contract claim, a plaintiff must identify a specific provision of the contract that was allegedly breached"). However, even if the exact specific provision is not required, something more than conclusory comments is required as the Supreme Court made clear in *Twombly/Iqbal*. *See, e.g.*, *Favre v. Sharpe*, 117 F.4th 342, 346 (5th Cir. 2024) ("We . . . disregard conclusory allegations and legal conclusions."); *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) ("[W]e do not accept as true conclusory allegations . . . ." (internal quotation marks and citation omitted)).

3