United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50260
Summary Calendar

_____

FREDERICK C. FERMIN,

Plaintiff-Appellant,

versus

UNITED HEALTHCARE INSURANCE COMPANY,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas, San Antonio Division
CA No. SA-04-CA-463-PM
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

Plaintiff Frederick C. Fermin appeals the district court's

grant of summary judgment in favor of defendant United Healthcare

Insurance Company ("United").  Fermin, acting as pro se litigant,

brought suit against United, asserting a variety of claims based

upon United's denial of coverage for two extended stay visits

under three group hospital indemnity plans provided under master

group policies issued by United to the American Association of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Retired Persons ("AARP"). The plans provided limited hospital benefits to AARP covered members, including Fermin.

I.

The district court held that Fermin failed to state a claim for which relief may be granted because (1) his claim for violations of 28 TEX. ADMIN. CODE §§ 3.3073, 3.4020 and TEX. INS. CODE arts 3.51-2, 3.70-3 do not apply to the plans at issue and do not afford Fermin a private right of action, (2) his claims for violation of 28 TEX. ADMIN. CODE §§3.3009 3.3040(d) and TEX. INS. CODE art. 3.70-4-(B) do not apply to the plans or coverage at issue, and (3) Fermin has no private right of action for federal criminal mail fraud under 18 U.S.C. § 1341.

The district court further held that United properly denied Fermin's claims for reimbursement for his two facility stays because there was no genuine issue of material fact that the two facilities did not meet the definition of a covered "hospital" provided under the plan.

Additionally, the district court granted summary judgment for Untied on all of Fermin's claims, included claims for violations of TEX. INS. CODE arts. 21.21, 21.55, and TEX. BUS. & COMM. Code §§ 17.41-17.43 ("DTPA"), usury, and gross negligence and fraud, because of his failure to adduce evidence or facts supporting any of those claims. The court also held that Fermin is not entitled to have the district court reopen a matter before and reconsider an order issued by another district judge. And

finally, the court denied Fermin's request for a trial on the issue of alleged perjury based on United's consolidation of his AARP accounts because Fermin failed to show any change in his coverage as a result of the consolidation or why a trial would be appropriate. Thus, the district court dismissed all of Fermin's claims with prejudice. Fermin timely appealed.

## II.

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. Blakely v. State Farm Mut. Auto Ins. Co., 406 F.3d 747, 750 (5th Cir. 2005).

On appeal, Fermin's brief raises arguments that fall into two categories: (1) arguments raised for the first time on appeal, and (2) arguments previously raised and properly disposed of by the district court. We do not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion. Louque v. Allstate Ins. Co., 314 F.3d 776, 779-80, n. 1 (5th Cir. 2002). As for the arguments raised below, Fermin raises no coherent arguments, nor does he present any evidence to support a finding of judicial error to justify reversal of the district court. Therefore, after a review of the record and the parties' briefs, we affirm the district court's grant of summary judgment for United for essentially the reasons as well-stated in its memorandum opinion and order.

AFFIRMED.