# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30424
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 23, 2015

Lyle W. Cayce
Clerk

MARTHA BOUDREAUX,

Plaintiff - Appellant

v.

FLAGSTAR BANK FSB, formerly known as Flagstar Bank,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1443

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Martha Boudreaux ("Boudreaux") appeals the district court's grant of summary judgment in favor of Flagstar Bank FSB ("Flagstar") on Boudreaux's breach of contract claim.  The district court found that Boudreaux failed to raise a genuine issue of material fact.  We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30424

I.

On January 9, 2009, Boudreaux executed a promissory note in the amount of $162,424 in favor of Flagstar (the "Note"). The Note was secured by a residential mortgage (the "Mortgage") on Boudreaux's property at 817 Collier Drive, Luling, Louisiana (the "Property"). Under the terms of the Note, Boudreaux was obligated to make monthly payments of $1,130.72 on the first of each month.

Boudreaux testified that, in May 2012, she was short on money to make the required payment and called Flagstar for assistance. She further testified that a Flagstar representative gave her permission to make two payments before the end of the following month in order to avoid the Property being foreclosed. Boudreaux admits that she had no written evidence of this purported modification, and Flagstar denies ever making any such representation to Boudreaux. Boudreaux alleges that, following these conversations, she received notice that her loan balance was being accelerated and that the Property was headed to foreclosure. She alleges that her husband had to file for bankruptcy to avoid foreclosure. To date, Flagstar has not foreclosed on the Property.

In 2014, Boudreaux filed suit against Flagstar in Louisiana state court, contending that Flagstar breached the Note and Mortgage by "refusing to accept mortgage payments on the home" and "fail[ing] to properly account for all payments on the loan." Flagstar removed the case to federal district court based on diversity of citizenship. Following discovery, Flagstar moved for summary judgment on the breach of contract claim. The district court found that Boudreaux raised no genuine issue of material fact on her claim that Flagstar failed to account for loan payments and entered judgment in favor of Flagstar. Boudreaux now appeals.

No. 15-30424

II.

This court reviews a district court's grant of summary judgment *de novo*, applying the same standard as did the district court. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). "Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (citing Fed. R. Civ. P. 56(a)). "A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2804 (2015).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted). Though we draw all reasonable inferences in favor of the nonmovant, "[a] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Id.* (internal quotations omitted).

Because federal jurisdiction in this case is based on diversity of citizenship, Louisiana substantive law applies. *Nat'l Liab. & Fire Ins. Co. v. R & R Marine, Inc.*, 756 F.3d 825, 834 (5th Cir. 2014). Under Louisiana law, "[t]he essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the

3

obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *Favrot v. Favrot*, 68 So. 3d 1099, 1108–09 (La. Ct. App. 2011).

Boudreaux asserts that Flagstar breached its obligations under the Note and Mortgage by failing to account for her loan payments. Flagstar moved for summary judgment, contending that Boudreaux failed to identify a single payment that was not accounted for by Flagstar. To defeat summary judgment, Boudreaux relies exclusively on perceived discrepancies in loan documents. First, Boudreaux contends that an April 2013 Escrow Disclosure Statement from Flagstar is inconsistent with the Proof of Claim that Flagstar filed in her husband's bankruptcy case. The Escrow Disclosure Statement showed a $5,288.90 deposit into her escrow account in April 2013, while the Proof of Claim indicated that Boudreaux made no loan payments from February 1, 2012, through April 2013. Boudreaux only offers the unsubstantiated assertion that this deposit "had to be" her money that was applied to the escrow balance in contravention of the loan documents. Boudreaux, however, offers no evidence that she actually made a $5,288.90 payment. Nor does she even claim to have made such a payment. Instead, Boudreaux simply asserts that it must be her money. Because Boudreaux offers no credible evidence that she actually made the payment, its absence on the Proof of Claim does not demonstrate that Flagstar failed to account for it. This "unsubstantiated assertion" does not raise a genuine issue of material fact. *See Davis*, 765 F.3d at 484.

Boudreaux also contends that the Escrow Disclosure Statement shows a May 2013 escrow balance of $1,613.13, while the Proof of Claim shows a May 2013 escrow balance of $3,675.77. Though Boudreaux now asserts that this perceived discrepancy in her escrow balance establishes that Flagstar cannot accurately account for her loan payments, Boudreaux did not make such an argument in the district court. This argument is thus waived. *See, e.g., Fermin*

*v. United Healthcare Ins. Co.*, 138 F. App'x 638, 639 (5th Cir. 2005) (per curiam) ("We do not consider . . . arguments that were not presented to the district court for its consideration in ruling on [a] motion [for summary judgment]." (citing *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 779–80 n.1 (5th Cir. 2002)).

Because summary judgment cannot be defeated by "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence," we conclude that Boudreaux has failed to establish a genuine issue of material fact as to her breach of contract claim.  *See Davis*, 765 F.3d at 484.

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.